IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 4:22-cr-00580-JD-2 |
| vs. | |
| **ANDREW JON SAWYER**<br>**a/k/a OMAR SAWYER** | **GOVERNMENT'S SENTENCING**<br>**MEMORANDUM** |

On January 4, 2024, Defendant Andrew Jon Sawyer a/k/a Omar Sawyer (hereinafter "Defendant" and/or "Sawyer") pled guilty to a one-count Information against him pursuant to a written plea agreement. The United States submits this memorandum in advance of Defendant's sentencing. The United States Probation Officer ("USPO") determined that the total offense level for Defendant is 15, which results in a guideline range of 18 to 24 months. The Government believes the Presentence Investigation Report ("PSR") properly calculated the guidelines and there are no objections by the Defendant.

This case involves a serious offense, and an evaluation of the 18 U.S.C. § 3553(a) factors weigh in favor of a custodial sentence for Sawyer. Accordingly, the Government requests that this Court grant the Government's sealed motion[1] and sentence Sawyer to a period of incarceration within the reduced guideline range of 12 to 18 months.

I.    **BACKGROUND.**

In June 2022, Sawyer was arrested pursuant to a Complaint and was subsequently indicted in an indictment charging him with three counts of money laundering   *See* ECF Nos. 3 and 62.

---

[1] ECF No. 319.

The PSR does an excellent job of outlining the offense conduct; however, for the purposes of this memorandum the Government will briefly summarize. *See* PSR ¶¶ 18 - 24.

Since 2017, Sawyer has resided in a home on the property of the Myrtle Beach Safari, which is owned and operated by his co-Defendant, Doc Antle, and was employed as an animal caregiver and tour guide at Myrtle Beach Safari. *See* PSR ¶ ¶ 55, 64. When Sawyer moved onto Antle's property, he brought with him a chimpanzee named "Joey." As will be discussed in more detail below, Joey was the subject of a 2019 civil order out of the Eastern District of Missouri that both Sawyer and Antle ignored.

As for the money laundering conspiracy that Sawyer pled guilty to, Antle introduced Sawyer to an individual who was a law enforcement confidential source (hereinafter referred to as "CS1") that Sawyer and Antle assisted with washing cash through a reverse money laundering operation. *See* PSR ¶ 18. As explained in the PSR, between February 2022 and April 2022, Antle and Sawyer washed $505,000.00 in cash for CS1. *See* PSR ¶¶ 20-22. Antle and Sawyer charged a 15% washing fee for the transactions and, as a result, profited $75,750. *See* PSR ¶¶ 20-22.

## II.    THE GOVERNMENT BELIEVES THAT AN EVALUATION OF THE STANDARDS SET FORTH IN 18 U.S.C. § 3553(a) WARRANTS A CUSTODIAL SENTENCE.

The sentencing statute, 18 U.S.C. § 3553(a), requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[2] The Advisory sentencing guidelines "should be the starting point and the initial benchmark" in determining the appropriate sentence. *See Gall v. United States*, 522 U.S. 38 (2007). In order to

---

[2] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(A)-(D).

determine the "particular" sentence to impose, the Court must consider the statutory factors listed in §3553(a)(1)-(7), discussed below.

Here, as explained below, a sentence between 12 and 18 months is within the advisory guidelines range (after the requested departure) and is sufficient but not greater than necessary to comply with the purposes of sentencing as set forth in § 3553(a).

**A.     Nature of Offense and History and Characteristics of Defendant – §3553(a)(1).**

The offense that Sawyer has pled guilty to is a serious offense that warrants a meaningful custodial sentence.  It is not disputed by the parties that Sawyer had a more-minor role in the offense than his co-Defendant Antle, and he has been afforded an adjustment in the PSR for being a minor participant.  *See* PSR ¶ 41.  Although he was a minor participant, he did still actively engage in the laundering operation by depositing the cash received from CS1 and obtaining checks. Further, Sawyer was aware that the cash he was helping wash was from the illegal smuggling of aliens.

*History and Characteristics of the Defendant*

As for the history and characteristics of the Defendant, the Government recognizes that Sawyer does not have a criminal history; however, this has been accounted for in the two-point zero-point offender reduction.  *See* PSR ¶ 46.  Despite Sawyer's lack of criminal history, it is important for this Court to understand that at the time he was committing the offense that he is being sentenced for today, he was actively and knowingly evading a civil order out of the Eastern District of Missouri.  *See Missouri Primate Foundation et al., v People for the Ethical Treatment of Animals, et. al,* No.  4:16-cv-02163, ECF No. 203.  In 2019, a federal district court in the Eastern District of Missouri ordered Sawyer to transfer the chimpanzee "Joey" to a sanctuary but Sawyer did not comply.  In fact, Sawyer actively took steps to conceal his identity and evade the court

order, and eventual contempt judgement, by moving to Myrtle Beach Safari. While at Myrtle

Beach Safari, Sawyer began using the alias "Omar" in an effort to hide from the civil judgement

and Joey still has not been transferred to the sanctuary.[3]

        **B.**      **Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense, Afford Adequate Deterrence to Criminal Conduct, and Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant – §3553(a)(2)(A)-(C).**

Economic crimes and white-collar offenses must be met with sentences commensurate with

the seriousness of the crimes themselves. Any sentence less than a significant period of

incarceration would promote a lack of respect for the law. Concern that "white-collar offenders

… frequently do not receive sentences that reflect the seriousness of their offenses" was among

the motivations for the Sentencing Reform Act that gave rise to the United States Sentencing

guidelines. S. Rep. No. 98-225 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3260. Among

the principal architects of the guidelines was Justice Stephen Breyer, an original member of the

Sentencing Commission. He explained that the guidelines required a "short but definite period of

confinement" for all but "the least serious cases of these white-collar offenses (level '6' or less)[.]"

Stephen Breyer, The Federal Sentencing Guidelines and the Key Compromises Upon Which They

Rest, 17 Hofstra L. Rev. 1, 22 (1988). Not only did the applicable guidelines reflect the severity

of white-collar offenses, but it also resolved "significant disparities" observed in data gathered by

the Commission on how white-collar crimes were treated at sentencing relative to equally-serious

non-white-collar offenses in the pre-guideline era. *Id*. at 20.

---

[3] As part of Sawyer's plea agreement with the Government in this case, Sawyer has agreed to transfer Joey to the Center for Great Apes in Wauchua, Florida as soon as the center is capable of taking custody.

In Sawyer's case, we are not in the arena of the least serious cases, and as such, a custodial sentence is appropriate. Moreover, a sentence of incarceration addresses the deterrence factor, which is so critical in corruption, fraud, and money laundering cases. Fraud is "'more rational, cool, and calculated than sudden crimes of passion or opportunity,' these crimes are 'prime candidate[s] for general deterrence.'" *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quoting *White–Collar Plea Bargaining and Sentencing After* Booker, 47 Wm. & Mary L. Rev. 721, 724 (2005)). "Defendants in white collar crimes often calculate the financial gain and risk of loss, and white-collar crime therefore can be affected and reduced with serious punishment." *Id*.

The crime committed by Sawyer is a serious offense, and a period of incarceration is necessary to promote just respect for the law and deter future conduct.

C.    **The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct – §3553(a)(6).**

Congress has directed sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ." 18 U.S.C. § 3553(a)(6). "[T]he kind of disparity with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case." *United States v. Pyles*, 482 F.3d 282, 290 (4th Cir. 2007), *vacated on other grounds* by 552 U.S. 1089 (2008) (internal quotation marks omitted). "The Guidelines' goal of national sentencing uniformity is not aimed only at the particular criminal conduct that co-conspirators may share, but also addresses other factors that often vary between co-conspirators like acceptance of responsibility and assistance to the government*." United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996).

Notwithstanding the Fourth Circuit's noted goal of avoiding unwarranted nationwide disparities, the court has numerous times considered disparities among similarly situated co-defendants to be valid challenges to procedural reasonableness of a sentence. *See, e.g., United States v. Webb*, 965 F.3d 262, 271 (4th Cir. 2020) (considering defendant's "arguments regarding sentencing disparities with his co-conspirators – an argument drawn directly from the 3553(a) factors" to be a non-frivolous argument district court needed to address); *United States v. Vinson*, 852 F.3d 333, 358 (4th Cir. 2017) (rejecting argument that defendant's sentence resulted in unfair disparity between co-defendants under 3553(a)(6) because co-defendants pleaded, but defendant went to trial); *United States v. Allmendinger*, 706 F.3d 330, 343 (4th Cir. 2013) ("Indeed, the district court specifically noted that it was considering unwarranted disparities both among defendants in general and among co-defendants within the case. We therefore conclude that the district court's explanation satisfied the requisite standard.").

In the present case, there are several other individuals who were charged with Sawyer and Antle and, although each Defendant's sentence will likely be different, there are distinctions among each individual such that different sentences would not create an *unwarranted* disparity. For instance, sentencing Antle to a greater period of incarceration is appropriate because he has pled guilty to two separate criminal offenses and, further, did not receive a minor participant adjustment.

The Government would also bring to the Court's attention a related Defendant, William Dallis ("Dallis"). Dallis was charged in a separate Indictment and engaged in money laundering with the same law enforcement source that Sawyer and Antle were involved with – CS1. Dallis was sentenced by this Court to one year and one day, and, although there are some differences between Sawyer and Dallis, namely Dallis did not receive a minor participant reduction,

6

sentencing Sawyer to a period of incarceration of 12 to 18 months would not create an unwarranted disparity because an evaluation of the § 3553(a) factors, to include the small differences between the two individuals, supports a custodial sentence for Sawyer. *See* Case No. 4:22-cr-00579, ECF No. 95.

### III.     CONCLUSION.

For the reasons stated in this memorandum, the Government believes that a sentence between 12 and 18 months is a sufficient but not greater than necessary sentence to comply with the relevant sentencing factors.

RESPECTFULLY SUBMITTED,

BRYAN STIRLING
UNITED STATES ATTORNEY

By: /s/ *Amy Bower*
    Amy F.  Bower (Fed.  Id.  11784)
    Assistant U.S.  Attorney
    151 Meeting Street, Suite 200
    Charleston, South Carolina 29401
    (843) 727-4381
    Amy.Bower@usdoj.gov

ADAM R.F.  GUSTAFSON
ACTING ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL RESOURCES
DIVISION

By:  /s/ *Patrick Duggan*
    Patrick M.  Duggan
    Senior Trial Attorney
    Environmental Crimes Section
    U.S.  Department of Justice
    Tel.: (202) 305-0366
    Patrick.Duggan@usdoj.gov

Charleston, South Carolina
June 3, 2025